HARRIET E. SLEICHER, Plaintiff, *v.* CHARLES A. SLEICHER, Defendant.

Supreme Court, Essex County, March 14, 1930.

*Charles W. Bacon* [*Frank B. Wickes* of counsel], for the plaintiff.

*Guy F. Swinnerton* [*Elmer J. Vincent* of counsel], for the defendant.

HEFFERNAN, J. This action is to recover installments of alimony due under a judgment of a court of competent jurisdiction of the State of Nevada.

The parties to this action were married on July 27, 1908. They separated by mutual consent on April 2, 1923. At the date of separation by an agreement in writing the defendant obligated himself to pay plaintiff the sum·of $400 monthly until June, 1924, and thereafter a monthly sum of $350. These payments were to continue so long as plaintiff remained unmarried. On October 26,

1923, plaintiff obtained a decree of absolute divorce against defendant in the State of Nevada. That court acquired jurisdiction of the parties. The decree of divorce contained the same provisions as the separation agreement for the wife's support. On August 16, 1924, plaintiff married one Hannum. On August 17, 1927, this marriage was annulled by the Supreme Court of this State at the suit of the wife. Defendant has made no payments of alimony since the remarriage of his former wife, and this action is brought to recover the installments due from the time plaintiff's marriage with Hannum was declared void. It has already been determined that plaintiff is entitled to maintain this action (*Sleicher* v. *Sleicher*, 251 N. Y. 366).

Defendant contends that the plaintiff for a valuable consideration has released her claim for alimony. After a trial of the issue a jury rendered a verdict in defendant's favor which plaintiff has moved to set aside. As I view it, this verdict is not sustained by the evidence. The consideration for the release was the return to plaintiff of 300 shares of stock which concededly belonged to her. It conclusively appears that this stock was plaintiff's property. The release in question was executed on April 10, 1925, more than two years before the annulment of plaintiff's marriage with Hannum. It does not purport to relieve defendant from future claims. Plaintiff merely released any claims she then had. Obviously she had no claim against him for support at that time because she was then the wife of another. It is true that the marriage was subsequently declared void. It was a voidable marriage, and could only be declared void at her election. Defendant's testimony that at the time the release was given the possibility of a revival of the wife's claim for alimony was discussed seems to me to be incredible.

The verdict is, therefore, set aside and a new trial directed.